[Civ. No. 8196. Second Appellate District, Division Two.—May 1, 1934.]

DAVID C. BAIRD, Appellant, v. JAMES A. HILL CON-STRUCTION CO. et al., Defendants; JAMES A. HILL, Respondent.

W. H. Douglass for Appellant.

G. F. McCulloch and J. R. McGuire for Respondent.

ARCHBALD, J., *pro tem.*—When plaintiff was about seven years of age the right rear wheel of a truck belonging to defendant ran over and so injured his right foot and ankle that amputation was necessary. Within a year after reaching his majority he filed his complaint against various defendants, alleging that his injuries were caused by the negligent operation of the truck. At the trial the action was dismissed as against all defendants excepting James A. Hill, who owned and operated the truck through his employee at the time of the accident. From a judgment entered on the verdict of a jury in favor of such defendant, plaintiff has appealed.

Plaintiff requested an instruction on the doctrine of last clear chance, which was refused. He testified that he

was walking in the gutter within a foot or a foot and a half of the curb, with his back toward the approaching truck, and that he had so walked for forty or fifty feet when he was struck. He argues that the driver would have seen him if he had looked, and that having had a chance to avoid striking him when plaintiff was not aware of his own danger, the instruction should have been given. Plaintiff's testimony is corroborated for the most part by that of two young men, who at the time of the accident were also small boys and had been playing with plaintiff. One of such witnesses testified that the truck "brushed" plaintiff, causing him to lose his balance and advance his right foot, which was caught under the right rear wheel. If the jury accepted that view of the evidence it might have concluded that plaintiff was walking along the gutter close to the curb, and that while unaware of his danger the truck came up from behind, driving close enough to the curb to brush him, throwing him off balance and causing the injuries; that the driver "must have seen the boy in the road" (*Hoy* v. *Tornich,* 199 Cal. 545, 552 [250 Pac. 565]), unconscious of his danger, and could have stopped the truck or swerved it to the left in time to have avoided the accident. In our opinion, under plaintiff's theory of the case and the evidence produced by him in support thereof, he was entitled to an instruction on such doctrine; and its importance to the case is obvious.

As the judgment must be reversed on this ground, we shall not notice other assignments of error.

Judgment reversed.

Stephens, P. J., and Desmond, J., concurred.