[Sac. No. 6023. In Bank. Mar. 17, 1950.]

OSCAR L. BONEBRAKE et al., Appellants, v. JULIA FORTUNATE McCORMICK, Respondent.

Willens & Boscoe and Herbert Chamberlin for Appellants.

Honey & Mayall and Edwin Mayall for Respondents.

GIBSON, C. J.—Plaintiffs appeal from an adverse judgment in a suit for the wrongful death of their 14-year-old son who was struck by defendant's car while riding his bicycle. The principal question presented is whether the trial court erred in refusing to give a requested instruction on the doctrine

of last clear chance. This depends on whether there was evidence which would reasonably support a recovery on that theory. (See *Raymond* v. *Hill,* 168 Cal. 473, 479 [143 P. 743].)

Mrs. McCormick, the defendant, was driving east on the south side of a straight, dry, two-lane highway at 45 or 50 miles per hour, and the boy was traveling in the same direction on the same side of the road. The paved portion of the highway was 24 feet wide, and there were dirt shoulders about 8 feet in width on each side. Defendant testified that the boy was about 450 feet ahead of her when she first saw him. At that time there were no cars in front of her on the right side of the road, and the closest car coming from the opposite direction was a mile or a mile and a half away. The boy was then riding his bicycle on the shoulder near the edge of the pavement. Defendant testified that she sounded her horn when she was approximately 150 feet from the boy, and that he continued to ride ahead without turning until she drew even with him when he suddenly veered to the left into the path of her car.

There were three disconnected sections of skid marks variously estimated as commencing from 200 to about 300 feet before the point of impact. The first set of skid marks was straight and was followed by a gap of 15 or 20 feet; the second set angled slightly to the left and was followed by a gap of 30 to 35 feet; the third set angled farther to the left and continued past the point of impact to where defendant's car came to a stop on the north side of the highway. The third set of skid marks began approximately 100 feet before the point of impact and was described by a highway patrol officer as being the ''heaviest and blackest that I have ever seen.'' The accident occurred approximately 2 feet south of the center line of the highway.

The patrol officer testified that, immediately after the accident, defendant told him the boy looked back and turned to the left when she sounded her horn. According to her testimony, as we have seen, she sounded her horn when she was 150 feet away from the boy.

It is argued that the statement to the patrol officer was admissible solely for the purpose of impeachment, and that it could not be used in determining whether there was evidence upon which the refused instruction could be based. This argument, however, fails to take into consideration the fact that the statement was made by a party to the action. A declaration by a litigant contrary to his position in the

lawsuit is admissible under an exception to the hearsay rule as an admission. It is positive evidence, that is to say, it is evidence which tends to prove the truth of the matter admitted. (See Code Civ. Proc., § 1870, subd. 2; *Lane* v. *Pacific Greyhound Lines,* 26 Cal.2d 575, 581 [160 P.2d 21] ; *Card* v. *Boms,* 210 Cal. 200, 204 [291 P. 190] ; 4 Wigmore on Evidence [3d ed. 1940], § 1048, p. 2; McBaine, California Evidence Manual [1st ed. 1945], § 257, p. 363.)  ■  The statement made by defendant outside the courtroom was admissible not only to impeach her testimony but also to prove that what she then said was true. Language to the contrary in *Lopez* v. *Wisler,* 58 Cal.App.2d 455, 462 [136 P.2d 816], is disapproved.

■  In determining whether the court erred in refusing to instruct on the doctrine of last clear chance, the evidence must be viewed in the light most favorable to plaintiff's case. (*Brown* v. *McCuan,* 56 Cal.App.2d 35, 36 [132 P.2d 838].) When so considered, it appears that all necessary elements for the application of the doctrine are present. (See *Girdner* v. *Union Oil Co.,* 216 Cal. 197, 202 [13 P.2d 915].) It could be inferred from the facts proved that the boy by his own negligence put himself in a position of danger from which he could not escape by the exercise of ordinary care, that defendant knew of the boy's peril, that she had the last clear chance to avoid the accident by the exercise of ordinary care but failed to do so, and that the boy was killed as a proximate result of such failure.

■  Accordingly, plaintiffs were entitled to an instruction on the doctrine of last clear chance, and in view of the state of the record, the refusal to give it was prejudicial error.

The judgment is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.