[Civ. No. 17731. Second Dist., Div. Two. Oct. 9, 1950.]

DOROTHY PODESZWA, Respondent, v. JOHN WHITE, JR., et al., Appellants.

Kenneth J. Murphy for Appellants.

Parker, Stanbury, Reese & McGee for Respondent.

WILSON, J.—Plaintiff, the mother of decedent Mary Patricia White, brought this action for the wrongful death of her daughter, who was riding as a guest passenger in a car driven by one Maxwell. The case was tried before the court without a jury. Judgment was rendered in favor of plaintiff and defendants have appealed.

Orangethorpe Avenue is a through highway extending easterly and westerly; it is paved to a width of between 35 and 40 feet. Hansen Road is a 20-foot two-lane highway extending northerly and southerly, crossing Orangethorpe at right angles. There are no signs limiting speed of vehicular traffic on Orangethorpe. Boulevard stop signs protecting Orangethorpe traffic are located on Hansen Road at the southeast and northwest corners of the intersection, the former being approximately 12 feet south of the south edge of the Orangethorpe pavement. The area was "open country," Orangethorpe being a 55-mile zone. Approximately 80 feet south of Orangethorpe on the west side of Hansen was a house which was set back 20 to 30 feet west of the west edge of Hansen. At the time of the accident there were no obstructions between the two cars involved. The dwelling house did not prevent defendant driver from seeing the other car involved in the accident.

The weather was clear. Defendant White was traveling easterly on Orangethorpe at a speed of approximately 40 to 45 miles an hour. He was on a through highway which he knew was protected at Hansen Road by boulevard stop signs.

There was no traffic behind or in front of him, the only vehicles in the vicinity being the two that subsequently collided.

Defendant was driving a two-ton Ford truck and decedent was a passenger in a Ford coupé. The only description of the accident was given by defendant White whose evidence was produced by deposition. He testified that he first saw the northbound Ford coupé as it came past the house on Hansen Road. At that time he was about 300 feet west of Hansen. He looked both ways and saw no other vehicle and turned his attention back to the coupé. When he first saw the latter it appeared to be traveling 15 to 20 miles an hour and slowed down to 5 or 10 miles an hour as it approached the boulevard stop sign. It appeared to White that the coupé would stop and he therefore continued to travel at the same speed and had almost reached the westerly edge of Hansen when the coupé, having failed to stop at the line of Orangethorpe, came into the intersection. White applied his brakes immediately but they did not take hold until just about the instant of the impact, which was east of the center line of Hansen.

Since there is no conflict in the evidence the only question is whether it is sufficient to support the finding of the trial court that defendant White was negligent and that his negligence caused the death of decedent Mary Patricia White. Defendant continued at his speed of 40 to 45 miles an hour until the moment of collision. He did not sound his horn, did not apply his brakes until the instant of the impact and did not turn his car in any direction, the latter fact being confirmed by his statement that the point of impact was 10 feet south of the center of Orangethorpe Avenue. The front of defendant's truck struck the left rear wheel of the car in which decedent was riding.

When defendant saw the coupé pass the boulevard sign at a speed of 5 to 10 miles an hour it should have been evident to him that the driver did not intend to make the boulevard stop. Nevertheless, he made no effort to avoid a collision. According to his own statement his truck struck the rear wheel of the coupé at about the center line of the south half of the Orangethorpe pavement. Manifestly by a very slight swerve of his truck he could have passed behind the coupé and avoided the accident. Furthermore, when he observed the coupé passing the boulevard stop sign and approaching the Orangethorpe pavement the application of his brakes would have slowed his truck sufficiently to allow the coupé to pass

in front of him. The fact that the driver of the coupé did not make the boulevard stop as required by law (Veh. Code, §§ 552, 577) did not justify defendant in failing to reduce his speed or change the direction of his car in an effort to avoid the accident.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.