[L. A. No. 22002.   In Bank.   Nov. 27, 1951.]

MAX SELINSKY, Respondent, v. A. W. OLSEN, Appellant.

Crider, Runkle & Tilson and E. Spurgeon Rothrock for Appellant.

Edward Mosk for Respondent.

CARTER, J.—A motion for a new trial after judgment for defendant on the ground of refusal to give an instruction on the last clear chance doctrine was granted to plaintiff and defendant appeals.

We must view the evidence most favorable to the contention that the doctrine is applicable in reviewing the order appealed from, since plaintiff is entitled to an instruction thereon if the evidence so viewed could establish the elements of the doctrine. (*Bonebrake* v. *McCormick,* 35 Cal.2d 16 [215 P.2d 728] ; *Alberding* v. *Pritchard,* 97 Cal.App.2d 443 [217 P.2d 1012] ; 19 Cal.Jur. 745.)

Plaintiff's car was parked heading north, parallel to the curb in the parking lane on the east side of Crenshaw Boulevard, a north-south street with four traffic lanes and two parking lanes. It was about a half block north of 8th Street, which crosses Crenshaw. One car was parked 5 or 6 feet in front and another at least 25 feet behind his. Plaintiff testified that he entered his car, looked through the rearview mirrors, one inside and the other outside the car, and the only cars he observed were westbound standing on 8th Street at the intersection waiting for the traffic signal to change. He pulled away from the curb and when the left front end

of his car was protruding 2 feet into the outside traffic lane his motor stalled and his car stopped. About five seconds later, according to plaintiff, and a minute according to another witness, and while plaintiff's car was still stopped, defendant, proceeding north on the outside traffic lane on Crenshaw, collided with the left front of plaintiff's car. Defendant testified that he did not see plaintiff's car until he was 15 feet behind the front of it, but admitted, and the evidence shows, that his view was unobstructed between the 8th Street intersection and plaintiff's car; that he was looking straight ahead and could have seen a car protruding as plaintiff's did for a distance of 50 feet to the south of it; and that he was traveling 20 to 25 miles per hour. He testified first that he tried to swerve to the left and later that he did not remember, and that he applied his brakes when he saw plaintiff's car.

The elements of the last clear chance rule are "[1] That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; [2] that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and [3] has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure." (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915].)

Defendant contends that the doctrine is not here applicable because plaintiff was aware of his dangerous position and could have saved himself by the exercise of ordinary care; that is, the first element is lacking. Further in that connection, the rule is asserted to be that there can be no recovery where the negligence of the injured party was contemporaneous, concurrent, continuing and contributory up to the moment of the impact. While the foregoing statement may be correct when properly applied, considerable confusion has arisen from it because it has been applied where the last clear chance doctrine has been unsuccessfully relied upon. In effect, it merely means that one of the elements of the doctrine is lacking; or that plaintiff's contributory negligence is a bar to his recovery. (*Girdner* v. *Union Oil Co.*, *supra*,

216 Cal. 197.) It does not mean that the doctrine is unavailable when plaintiff is negligent up to the time of the collision, for his negligence is one of the factors that brings it into play. (*Girdner* v. *Union Oil Co., supra,* 216 Cal. 197.)

It may be true that plaintiff was negligent in pulling away from the curb and was aware of his dangerous position, but when his car was protruding into the lane of traffic, his motor stalled, and the jury could infer that he was incapable of extricating himself by the exercise of ordinary care. Plaintiff's car was stopped from five seconds to a minute before the collision. There is a conflict on that point but it should have been left to the jury under the last chance doctrine instruction. We hold, therefore, that the first element finds support in the evidence.

The second factor is lacking, urges defendant, because there is no showing that defendant was aware of plaintiff's perilous position or knew he could not escape therefrom. That depends upon the view one takes of the evidence. It is true that defendant testified that he did not see plaintiff's car until he was directly behind it, when plaintiff drove his car into the line of traffic in front of him, and that plaintiff's car was in motion at the time of the impact. Other evidence shows, however, that defendant was looking straight ahead as he approached plaintiff's car and his view was unobstructed. It may be inferred therefrom that he saw plaintiff's motionless car extending into the line of traffic. (*Hoy* v. *Tornich,* 199 Cal. 545 [250 P. 565]; *Bailey* v. *Wilson,* 16 Cal. App.2d 645 [61 P.2d 68]; *Hellman* v. *Bradley,* 13 Cal.App.2d 159 [56 P.2d 607]; *Handley* v. *Lombardi,* 122 Cal.App. 22 [9 P.2d 867]; *Baird* v. *James A. Hill Const. Co.,* 138 Cal.App. 410 [32 P.2d 390]; *Galwey* v. *Pacific Auto Stages, Inc.,* 96 Cal. App. 169 [273 P. 866].) Thus we do not have a case in which plaintiff's car was in motion or suddenly appeared in defendant's path as existed in the authorities relied upon by defendant. The jury could have inferred also, that defendant knew or should have known, in the exercise of ordinary care, that plaintiff could not escape. Under the evidence most favorable to plaintiff, defendant could have seen plaintiff's car standing in the road ahead of him for a minute before the impact and thus could, by the exercise of ordinary care, have avoided the accident.

The third element was not established, says defendant, because he could not have avoided the collision, having neither time nor means to do so. It was for the jury to determine

whether in the space of time involved he could have avoided the collision. From a photograph of Crenshaw Boulevard, put in evidence, and which is pertinent to the issue (*Huetter* v. *Andrews,* 91 Cal.App.2d 142, 146 [204 P.2d 655]), it appears that the distance between the cars parked along the curb and the first white line between the two traffic lines, defendant could have swerved to the left without crossing that line to avoid colliding with plaintiff's car. Moreover, it will be remembered that Crenshaw Boulevard had two lanes for northbound traffic. Defendant could have swerved left over to the lane next to the center line. True, defendant testified that there was a car traveling in that lane slightly to his rear, but the jury could have disbelieved that testimony. It was vague. Defendant said he did not see the car; that he was "conscious" of it—"possibly heard" it. He also said there was not enough room to avoid plaintiff's car without crossing the white line, but when shown the photograph, stated that it "looked wider." Thus, we believe it was a matter for the jury to determine. We cannot say as a matter of law that he did not, by exercising ordinary care, have the last clear chance to avert the collision—something more than a split second possible chance.

A case clearly similar is *Girdner* v. *Union Oil Co., supra,* 216 Cal. 197, in which the doctrine was held applicable. There plaintiff had his car moving in an intersection and was oblivious of defendant's approach thereto in a truck. The latter first saw plaintiff's car when 40 to 50 feet from it and was traveling about 20 miles per hour. Here it may be inferred that defendant saw plaintiff's car standing and obstructing the traffic line for a distance of about 50 feet, and at that time defendant was traveling 20 to 25 miles per hour. (See, also, *Bonebrake* v. *McCormick, supra,* 35 Cal.2d 16; *Giorgetti* v. *Wollaston,* 83 Cal.App. 358 [257 P. 109]; *Podeszwa* v. *White,* 99 Cal.App.2d 777 [222 P.2d 683]; *Yates* v. *Morotti,* 120 Cal.App. 710 [8 P.2d 519].)

The negligence of defendant could have consisted of his failure to keep a proper lookout ahead to observe vehicles in his path, which negligence was the proximate cause of the accident.

The order is affirmed.

Gibson, C. J., Shenk, J., and Edmonds, J., concurred.

Traynor, J., Schauer, J., and Spence, J., concurred in the judgment.