[Civ. No. 18670.   Second Dist., Div. Three.   Mar. 24, 1952.]

GLEN W. HOPKINS et al., Appellants, v. FLOYD ALFRED CARTER et al., Respondents.

Frye & Yudelson for Appellants.

Williams & Cozy for Respondents.

VALLÉE, J.—Appeal by plaintiffs, husband and wife, from a judgment entered upon a verdict for defendant in an action for damages for personal injuries and property damage resulting from a collision between plaintiffs' and defendant's automobiles. As no appeal lies from an order denying a motion for a new trial, plaintiffs' appeal therefrom is dismissed.

The principal question is whether the court erred in refusing to instruct the jury on the doctrine of last clear chance. The form of the instructions is not in question.

In determining this question, we state the evidence in the light "most favorable to the contention that the doctrine is applicable . . . since plaintiff is entitled to an instruction thereon if the evidence so viewed could establish the elements of the doctrine. [Citations.]" (*Selinsky* v. *Olsen*, 38 Cal.2d 102, 104 [237 P.2d 645].)

The collision occurred on May 18, 1949, about 8 p. m., at the intersection of Foothill Boulevard and Maclay Avenue. Foothill Boulevard, an east-west street, is a through highway (Veh. Code, § 82.5). Stop signs are located on the northwest and southeast corners of Maclay where it intersects Foothill. Although it was dark, the intersection was well lighted by three service stations located on the northwest, southwest, and southeast corners. It was drizzling, and while the pavement was wet it was not slick. Plaintiff Jeanette Hopkins, called plaintiff, was driving plaintiffs' car westerly on Foothill between 30 and 35 miles an hour. Just prior to the accident, defendant had been getting gasoline at the service station located on the northwest corner of the intersection.

Plaintiff testified she started slowing down some four or five or six car lengths back from the intersection. She came

to a complete stop in the intersection to let an eastbound car pass. While in this position two cars passed her on her right, going west, and passed in front of defendant "while he was sitting on the driveway" of the service station. The intersection being clear, she then proceeded to make her left hand turn. When "approximately half of my car was past the intersection of Maclay . . . I first noticed the lights shine into my car . . . and I knew the car [defendant's] was coming pretty rapidly . . . I was in second gear when I proceeded to make my left hand turn, so I immediately stepped on the throttle trying to avoid the accident, to get out of the way. Because I knew in that position, I could not possibly apply my brakes and get out of the way to avoid the accident." She was traveling approximately 12 or 13 miles an hour while attempting the turn. At the time of the impact she was going "between eighteen and twenty miles an hour." Plaintiffs' car was struck almost dead center.

Defendant testified he was under the canopy of the service station on the northwest corner of Foothill and Maclay, facing west. He then moved his car so that it was flush with Foothill. There were no cars coming from the west. There were several cars approaching the intersection from the east. "I waited until these cars went by; and at that time there was another car [plaintiffs'] coming quite a ways down. So I turned out and proceeded to go down Foothill east. When I got approximately along in here (indicating),[1] I noticed the car [plaintiffs'] I had seen previously, coming up here (indicating.)"[2] At this time he was going "between five and ten miles an hour" in low gear. He continued to observe plaintiffs' car. When plaintiffs' car was about 55 feet from the center of the intersection, he was going "approximately twelve or fifteen miles an hour" and "in second." When he was about 25 feet from the center of the intersection he again observed plaintiffs' car, which was then about 35 feet from the center of the intersection, "And then I saw the car swing over just a few seconds later . . . I put on my brakes to see if I could stop; but, because of the street being wet, I didn't come to a complete stop before the collision." His brakes took hold but slid a little. At the time of the impact he was going about 20 to 25 miles an hour. He did not swerve his car to avoid the collision because "I didn't know for sure but what she

---

[1] About 80 feet from the center of the intersection.

[2] About 175 feet from defendant and about 90 feet from the center of the intersection.

would pull back when she saw me in the intersection. That would make a head-on." Instead, he put on his brakes and went straight ahead. Plaintiff did not give a signal. Defendant placed the point of impact near the center of the southeast quadrant of the intersection, a distance of about 40 feet from where he first became aware that plaintiff was cutting the corner.

The applicability of the doctrine of last clear chance in a given case depends entirely upon the existence or nonexistence of the elements necessary to bring it into operation, and this question is controlled by factual circumstances and determinable by the fact-finder. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 199 [13 P.2d 915]; *Bailey* v. *Wilson,* 16 Cal.App.2d 645, 647 [61 P.2d 68].) An instruction stating the doctrine is proper when the evidence shows: " '[1] That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; [2] that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and [3] has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915].)" (*Selinsky* v. *Olsen, supra,* 38 Cal.2d 102, 104; *Peterson* v. *Burkhalter,* 38 Cal. 2d 107, 109 [237 P.2d 977].)

Defendant contends the doctrine is inapplicable because he was unaware of plaintiff's perilous position in time to have had a clear chance to avoid the collision. This is based on his testimony that plaintiff suddenly cut the corner in front of him.

While the jury found for defendant, as a factual matter, it could have found for plaintiffs. It would have been warranted in concluding that (1) plaintiff through her own negligence, in either not looking, not seeing, or cutting the corner, placed herself in a position of peril from which she could not escape by the exercise of ordinary care; (2) defendant, when he was 40 feet from plaintiffs' car, knew, or in the exercise of ordinary care should have

known, that plaintiff could not escape from her perilous situation; and (3) although defendant testified that at the time of the impact he was going about 20 miles an hour and in second gear, he was going less than that when he first saw plaintiff cutting the corner and, in the exercise of ordinary care, had the last clear chance to avoid the accident by stopping his car, sounding his horn, or swerving to the left or right. Under normal conditions, with a dry street, the driver of a vehicle going between 15 to 20 miles an hour should be able to stop between 20.8 and 37.0 feet. (Veh. Code, § 670.) Whether under the facts, i.e., a wet but not slick street, defendant could have stopped his car within 40 feet; whether he could have avoided the accident by sounding his horn or swerving his car to the left or right; whether, in not sounding his horn or not swerving, he exercised reasonable care; and whether his conduct proximately caused the accident,—were questions of fact for the jury under a proper last clear chance doctrine instruction. (*Girdner* v. *Union Oil Co.,* 216 Cal. 197, 204 [13 P.2d 915]; *Selinsky* v. *Olsen, supra,* 38 Cal.2d 102; *Peterson* v. *Burkhalter, supra,* 38 Cal.2d 107; *Galbraith* v. *Thompson,* 108 Cal.App.2d 617, 621-623 [239 P.2d 468].)

The facts in *Girdner* v. *Union Oil Co., supra,* in which the doctrine was held applicable, were similar to those in the case at bar. There, plaintiff had his car moving into an intersection and was oblivious to defendant's approach thereto in a truck. The latter first saw plaintiff's car when 40 to 50 feet from it and was traveling about 20 miles an hour.

In refusing to instruct the jury on the doctrine, the court committed prejudicial error.

Other points made by plaintiffs are not likely to occur on a retrial and need not be discussed.

Judgment reversed.

Shinn, P. J., and Wood (Parker), J., concurred.