[Civ. No. 15342.   First Dist., Div. One.   Mar. 17, 1953.]

HARRY SIMMER, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Ben K. Lerer and Fred Leuenberger for Appellant.

Dion R. Holm, City Attorney, and Edward F. Dullea, Deputy City Attorney, for Respondents.

BRAY, J.—In an action for personal injuries, plaintiff appeals from a judgment for defendant based upon a jury verdict.

### QUESTION PRESENTED

Should the court, as requested, have instructed on last clear chance?

### EVIDENCE

One Eaton was the operator of a trackless trolley bus belonging to defendant's municipal railway. As the bus approached the intersection of Hayes and Fillmore Streets, Eaton saw plaintiff at the near corner standing on the sidewalk. Eaton testified plaintiff was drunk. (Plaintiff testified that he had had only one drink of whiskey and the proverbial "couple of beers.".) Eaton stopped the bus "because—anyone around the loading zone I thought might possibly want a bus." No one got on or off. Eaton opened the door and waited two or three seconds. He looked back and plaintiff seemed to be staggering around at the rear end of the bus, "four or five feet away from" it "in towards the sidewalk." Eaton, figuring that plaintiff did not want the bus, closed the bus and left. In this particular locale Eaton "had occasion to see many people who were staggering, and he just looked like a typical man who was under the influence of liquor. . . ." Eaton did not learn of the accident until he returned to the carbarn.

Plaintiff testified that the bus came to a stop about 2 feet from the curb. He stepped off the curb and started to walk alongside the bus toward its front door. When he was about 2 feet from the door, it closed. Plaintiff "was scared, so I held my hand this way [evidently against the side of the bus], and I fell down, and after that I don't know nothing." While his testimony is not clear, apparently he testified that he

placed both hands against the side of the bus just as it started up.

Sally Ramirez, aged 14, was an eyewitness. She testified that after the bus stopped, plaintiff walked alongside the bus holding on to it "sort of" with both hands. The operator looked back "and I guess he didn't see him or something and he just closed the doors and left." The testimony of Sally and another witness indicated that plaintiff was drunk. Plaintiff received serious injury to his right hand, wrist and forearm.

### LAST CLEAR CHANCE

Plaintiff offered correct instructions on last clear chance. The court refused to give them. ■ The rule of last clear chance is well stated as follows: "The elements of the last clear chance rule are '[1] That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; [2] that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation, and [3] has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 P.2d 915].)" (*Selinsky* v. *Olsen,* 38 Cal.2d 102, 104 [237 P.2d 645].)

Under Eaton's testimony the rule might not apply. According to him plaintiff was not in a position of peril. He was 4 or 5 feet away from the rear of the bus near the sidewalk in a position of safety. But the application of the doctrine of last clear chance does not depend upon the operator's testimony alone. ■ It is required to be given if there is any evidence in the case which would justify its application. (*Galbraith* v. *Thompson,* 108 Cal.App.2d 617 [239 P.2d 468] ; *Selinsky* v. *Olsen, supra,* 38 Cal.2d 102.) The rule of *Dalley* v. *Williams,* 73 Cal.App.2d 427, 436 [166 P.2d 595], to the effect that a person cannot "be held liable under the last clear chance rule, upon the theory that he would have discovered the peril but for the remissness on his part" does not apply. ■ Here, Sally testified that when the operator looked back and when he closed the doors plaintiff was not near the side-

walk 5 feet away from the bus but walking alongside the bus holding on with both hands. Thus, the jury could have believed that the operator saw plaintiff, who he believed was drunk, staggering alongside the bus holding on with both hands, and yet started the bus. In such position plaintiff was in a position of peril and in his drunken condition might not have been able to extricate himself when the bus, to which he was holding, started up. At least the jury could have determined that it was obvious to Eaton that plaintiff was not aware of his danger. Certainly if the operator saw plaintiff in the position Sally placed him when the doors closed (and the operator testified he saw plaintiff when he closed the doors) Eaton had the last clear chance to avoid the accident by simply not starting the bus, and thereby not removing the support upon which plaintiff was leaning. As was the case in *Simon* v. *City & County of San Francisco,* 79 Cal.App.2d 590 [180 P.2d 393], there was evidence that plaintiff's intoxication placed him in a position from which he could not escape, or of which he obviously was not aware, and the operator had the last clear chance to avoid the accident. In our case he needed merely to delay the starting up of the bus. Where there is such evidence a plaintiff is entitled to an instruction on last clear chance. While it is true, plaintiff himself could have avoided the accident by merely removing his hands from the bus and staggering in the opposite direction, it was for the jury to determine whether the operator, knowing his condition, could reasonably expect him to do so, or could reasonably expect him to realize his peril. In the Simon case, *supra,* the intoxicated plaintiff was observed by the motorman staggering some 5 feet away from the tracks. The plaintiff there, too, could have avoided the accident had he not staggered the last 5 feet toward, instead of away from, the tracks. Yet the situation was one held to require the giving of last clear chance instructions.

While the evidence did not compel such a conclusion, it reasonably would support a conclusion that all of the elements of the doctrine hereinbefore mentioned were present in this case. The trial judge stated in a brief opinion, "Though intoxicated, plaintiff is held to the same standard of care as an ordinary prudent, sober person." This is the rule stated in *Emery* v. *Los Angeles Ry. Corp.,* 61 Cal.App.2d 455 [143 P.2d 112], and *Drury* v. *Hagerstrom,* 68 Cal.App.2d 742 [157 P.2d 878]. That rule, however, does not prevent the application of the last clear chance doctrine. Rather, it supports

it. ▇ That doctrine can only be applied when the plaintiff has been negligent, that is, did not use the standard of care that an ordinary prudent, sober person would have used. As in *Simon* v. *City & County of San Francisco, supra,* 79 Cal. App.2d 590, ''The defendants perhaps proved too much, at least as far as the last clear chance doctrine is concerned.'' (P. 601.) The operator seeing plaintiff in a position of danger in which he has negligently placed himself, and knowing him to be intoxicated, must consider that condition as well as his position in determining whether plaintiff is aware of his danger or able to use ordinary care to extricate himself therefrom. ▇ ''. . . although intoxication may be contributory negligence, whether it is a bar depends upon whether such negligence is the immediate or the remote cause, or whether the negligence of the defendant was the sole proximate cause under the last clear chance doctrine, and that such questions should have been submitted to the jury.'' (*Simon* v. *City & County of San Francisco, supra,* 79 Cal. App.2d 590, 602.) For other discussions of this subject see *Coakley* v. *Ajuria,* 209 Cal. 745, 752 [290 P. 33], and the well known early case of *Robinson* v. *Pioche,* 5 Cal. 461, stating that a drunken man is as much entitled to a safe street as a sober one, ''and much more in need of it.'' See, also, *Haerdter* v. *Johnson,* 92 Cal.App.2d 547, 553 [207 P.2d 855], where the court stated, in effect, that were it not for the fact that in the Simon case, *supra,* the evidence showed the plaintiff to be drunk, the last clear chance doctrine probably would not have been applicable.

The failure to instruct on the doctrine, under the peculiar facts of this case, requires a reversal.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.