[Civ. No. 4574.    Fourth Dist.    Aug. 6, 1953.]

PETER PERIN, Respondent, v. NELSON & SLOAN et al.,
Appellants.

John W. Holler for Appellants.

Walter Wencke for Respondent.

MUSSELL, J.—This is an action for damages for personal injuries sustained by plaintiff when a truck operated by one of the defendants' employees was backed onto plaintiff's foot. At the time of the accident plaintiff, who was a cement finisher, was engaged in smoothing and finishing a slab of cement which had been poured from defendants' transit mix truck. The area being poured was about 20 feet square. Plaintiff was on his knees at the south edge of the square reaching out to the north as far as he could, his feet approximately 24 inches from the cement, when the driver backed the truck onto plaintiff's left foot, imbedding it in the ground and injuring it. Plaintiff heard the noise of the truck and an order to "back it up," but he was intent on his work and did not see the truck when it was being backed.

The driver testified that after he had poured cement in the east side of the square, he was told to back up; that he then backed his truck slowly; that as he started backing, he saw plaintiff smoothing off the cement and "figured he had plenty

of room to back up"; that it appeared to him that plaintiff was out of range of the wheels; that during all the time he was backing, he was watching plaintiff; that plaintiff was then on his knees on the ground smoothing the cement and did not look up at him.

The cause was tried before a jury and a verdict was returned in favor of plaintiff. Defendants appeal from the judgment thereupon entered.

While defendants state in their brief that a reversal of the judgment is sought on the grounds that the evidence is insufficient to sustain the judgment and that plaintiff was guilty of contributory negligence as a matter of law, their argument is directed to the contention that the trial court committed prejudicial error in instructing the jury on the doctrine of last clear chance.

The elements of this doctrine are set forth in *Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614, 619 [255 P.2d 785], where it is said:

"Whether or not the doctrine of last clear chance applies in a particular case depends entirely upon the existence or nonexistence of the elements necessary to bring it into play. Such question is controlled by factual circumstances and must ordinarily be resolved by the fact-finder. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 199 [13 P.2d 915]; *Hopkins* v. *Carter, supra,* 109 Cal.App.2d 912, 915 [241 P.2d 1063].) An instruction stating the doctrine is proper when there is evidence showing: '(1) That plaintiff has been negligent and, as a result thereof, is in a position of danger from which he cannot escape by the exercise of ordinary care; and this includes not only where it is physically impossible for him to escape, but also in cases where he is totally unaware of his danger and for that reason unable to escape; (2) that defendant has knowledge that the plaintiff is in such a situation, and knows, or in the exercise of ordinary care should know, that plaintiff cannot escape from such situation; and (3) has the last clear chance to avoid the accident by exercising ordinary care, and fails to exercise the same, and the accident results thereby, and plaintiff is injured as the proximate result of such failure.' (*Girdner* v. *Union Oil Co., supra,* p. 202; also *Selinsky* v. *Olsen, supra,* 38 Cal.2d 102, 104 [237 P.2d 645]; *Peterson* v. *Burkhalter,* 38 Cal.2d 107, 109-110 [237 P.2d 977].)"

In the instant case the uncontradicted evidence shows that plaintiff was in a position of danger. There is also evi-

dence to support an inference that he was totally unaware of his danger and for that reason unable to escape. Plaintiff was not required to show that his inability to escape from his threatened danger was a physical impossibility. The doctrine applies equally if he was wholly unaware of his danger, and for that reason unable to escape. (*Gillette* v. *San Francisco,* 58 Cal.App.2d 434-442 [136 P.2d 611].)

There is substantial evidence that the driver of the truck had knowledge and knew, or in the exercise of ordinary care should have known, that the plaintiff could not escape from the situation because he was totally unaware of the approach of the truck. As noted, the driver testified that he was watching the plaintiff during the entire time that the truck was being backed up. Even though the driver "figured that he had plenty of room to back up," defendants were not relieved from responsibility for the accident. As stated in *Gillette* v. *San Francisco, supra,* 444:

" 'As held in a number of cases, where a person sees another in a position which is in fact dangerous, he may not rely upon dullness to excuse him from not realizing the danger of the position (*Basham* v. *Southern Pac. Co.,* 176 Cal. 320 [168 P. 359]); and if he sees the dangerous situation he must use reasonable diligence in analyzing the same (*Starck* v. *Pacific Electric Ry. Co.,* 172 Cal. 277 [L.R.A. 1916E, 58, 156 P. 51]), knowledge of danger being imputed where the circumstances are such as to convey to the mind of a reasonable man that the plaintiff is in a position of peril (*Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514 [98 Am.St.Rep. 85, 63 L.R.A. 238, 74 P. 15]).' (*Nicolai* v. *Pacific Electric Ry. Co.,* 92 Cal. App. 100 [267 P. 758]; *Paulos* v. *Market Street Ry. Co., supra* [136 Cal.App. 163 (28 P.2d 94)])."

There was also substantial evidence that the truck driver had the last clear chance to avoid the accident by the exercise of ordinary care. Under the circumstances and conditions described in the record before us, the jury was entitled to determine whether the driver was aware, or in the exercise of ordinary care should have been aware, of plaintiff's danger and had the last clear chance to avoid the accident. There was substantial evidence as to all of the elements necessary to the application of the doctrine of last clear chance and the instruction on the doctrine was properly given. It was the duty of the court to instruct on every theory of the case finding support in the evidence. (*Daniels* v. *City & County of San Francisco, supra,* 640.)

Defendants contend that plaintiff was guilty of contributory negligence as a matter of law and that his negligence was continuing up to the time of the accident. However, where, as here, all of the elements of the last clear chance doctrine are present, the continuous negligence rule does not operate to the exclusion of the last clear chance doctrine. (*Gillette* v. *San Francisco, supra,* 440.)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.