[Civ. No. 17532.   First Dist., Div. Two.   Jan. 10, 1958.]

JOSEPHINE BARCELONE, Appellant, v. MORRIS A. MELANI et al., Respondents.

Johnson, Thorne, Speed & Bamford and John B. Thorne for Appellant.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Respondents.

DRAPER, J.—This is an action for wrongful death. Jury verdict was for defendants, and plaintiff appeals from the judgment entered thereon. The sole error urged is the court's refusal of plaintiff's requested instruction on the doctrine of last clear chance.

Respondents point out that the form of the instruction requested (BAJI 205) has been disapproved (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432]). They rely upon the rule that the trial court is not bound to give an offered instruction which is erroneous in form. However, the Brandelius decision was rendered 6 months after trial of this case. Until that decision, the form used by appellant had at least the tacit approval of the appel-

late courts. Appellant should not be deprived of the right to trial upon the issue of last clear chance because of the later determination that her offered instruction was erroneous (*Parrott* v. *Furesz,* 153 Cal.App.2d 26 [314 P.2d 47]). Thus the question before us is whether the evidence required a proper instruction upon this subject.

██ The doctrine of last clear chance is properly invoked only if the evidence warrants findings: ''(1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure.'' (*Brandelius* v. *City & County of San Francisco, supra,* 47 Cal.2d 729, 743). ██ The same opinion points out that ''the time when defendant is chargeable with actual knowledge of the injured person's position of danger may substantially precede the time when defendant is chargeable with actual or constructive knowledge of the injured person's inability to escape therefrom; but defendant is not liable under the doctrine unless after the time that he is chargeable with the required knowledge of the injured person's inability to escape, he 'has the last clear chance to avoid the accident by exercising ordinary care.' '' (P. 741.)

The collision here in question occurred on the San Jose-Los Gatos highway, which is a four-lane roadway with a broad dividing strip separating the two eastbound lanes from the two for westbound traffic. Decedent had been driving west, and turned left through the dividing strip at an intersection. The evidence is in conflict as to whether he stopped or merely slowed at the arterial stop sign at the south side of the divider strip. Respondent driver, eastbound, saw decedent in the neighborhood of the stop sign from a distance of 350 to 500 feet. Decedent's car continued into the eastbound lanes, and respondent drove so as to pass to its rear. When decedent's car was partly across the line dividing the two eastbound lanes, and was blocking the inner or fast lane, it stopped.

Respondent then applied his brakes fully and attempted to swerve to his right to pass in front of decedent. Decedent's car suddenly "lunged" forward, and the cars collided.

The foregoing summary of the evidence is made in the light of the rule that, in determining whether the evidence was such as to require the requested instruction, we "must view the evidence most favorable to the contention that the doctrine [of last clear chance] is applicable" (*Selinsky* v. *Olsen*, 38 Cal.2d 102, 103 [237 P.2d 645]) ignoring conflicts in the evidence (*Bolton* v. *Martin*, 126 Cal.App.2d 178 [271 P.2d 991]).

The evidence is clear that decedent's car would have cleared the inner lane had it continued forward. Respondent's opportunity to avoid the collision by passing to the rear of decedent was thwarted by decedent's stopping while his car still blocked the inner lane. Respondent then seized the opportunity to brake violently and swing right to pass to the front of decedent's car. This effort, too, was blocked by decedent's sudden forward movement. Sympathy is with the decedent in this dance of death. But it is clear that respondent was not afforded a reasonable chance to avoid the accident at any time after decedent's danger became apparent. No fair construction of the evidence indicates that decedent was unable to escape from his position of danger by the exercise of ordinary care. On the contrary, it is clear that he had two opportunities to escape, first, by continuing across the highway and, later, by remaining at his stopped position. Neither placed upon him a burden beyond the bounds of ordinary care. His own fitful stopping and starting indicate his awareness of danger. Quite as clearly, respondent had no reason to know that decedent could not extricate himself from the position of danger.

Appellant's argument suggests, contrary to the testimony, that the stop by decedent was at or near the stop sign, rather than when his car blocked the inner lane. Similarly, that argument omits the testimony as to the sudden starting of decedent's car after this stop, although the same witnesses who testified to the stop testified to the subsequent lunge forward. We recognize fully the rule that conflicts in the evidence are, for purposes of our inquiry, to be disregarded. This rule, however, neither requires nor permits us to distort the testimony of a witness by referring to but a part of it while ignoring completely consistent statements which merely com-

plete the story of the same witness' view of the events in issue. We conclude that the instruction was properly refused.

Judgment affirmed. Purported appeal from order denying new trial is dismissed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 7, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1958. Gibson, C. J., and Carter, J., were of the opinion that the petition should be granted.