AIDA MAY CORDANO, APPELLANT, *v.* PACIFIC INTERMOUNTAIN EXPRESS, A CORPORATION, AND FORREST MELVIN FOX, RESPONDENTS.

No. 4058

April 14, 1958.                                    324 P.2d 232.

*Nada Novakovich,* of Reno, for Appellant.

*Goldwater, Taber & Hill,* of Reno, for Respondents.

## OPINION

By the Court, BADT, C. J.:

Appellant, who was the plaintiff below, has assigned as error the court's refusal to give a requested last clear chance instruction. Whether or not this assignment has merit depends upon whether there was evidence that would reasonably support a recovery on this theory.

On the 4-lane highway, a part of U. S. Highway 40, going through Sparks, plaintiff, eastbound from Reno, overtook a Pacific Intermountain Express tanker truck and trailer, likewise eastbound, which was traveling in the slow lane at approximately 23 miles per hour, and then turned ahead of him into his lane at approximately

32 miles per hour. She mistook a stop sign on an intersecting road for a sign applying to eastbound traffic on U. S. Highway 40, came to a stop and the truck struck her Plymouth car in the rear.

We accept preliminarily plaintiff's statement that the trial court should instruct the jury on every theory of the plaintiff's case finding substantial support in the evidence, viewing such evidence in the light most favorable to the application of the doctrine, and indulging every reasonable inference in support thereof. Selinsky v. Olsen, 38 Cal.2d 102, 103, 237 P.2d 645; Bonebrake v. McCormick, 35 Cal.2d 16, 19, 215 P.2d 728; Hopkins v. Carter, 109 Cal.App.2d 912, 913, 241 P.2d 1063. It becomes necessary then to examine the evidence adduced by appellant, or admitted or undenied by her.

There is no evidence on her part as to how far the truck was behind her at any moment or period of time from the time she turned in front of him till the time of the impact. She did not deny (other than through her theory of a constant nine-mile per hour speed differential for an elapsed period of 30 seconds) the truck driver's testimony that she turned into his lane at a distance of about 10 feet in front of him; nor did she know how far her car was from the front of the truck. Appellant testified that after she got out of her car she had a conversation with the driver: "He told me, 'Lady, when you stop you sure stop'. He said that to me several times. And I told him I stopped for the stop sign. That's when he told me there was no stop sign." When the police investigated the collision and cited appellant for an improper right turn into respondents' lane, she pleaded guilty, although she explains she entered such plea at her husband's request. She was not cited for illegally stopping on the highway because she stated she had not come to a stop. Although her version of the accident is different, she did not deny the officer's testimony: "She stated that she was driving on the inside lane, B Street. She looked up and saw a stop sign,

stepped on her brakes and swerved into the other lane. She almost came to a complete stop. Then the truck hit her from the rear."

We apply then to the lack of any direct testimony as to time or distance within which the truck driver might have avoided the collision, and to the facts as admitted or not denied by appellant as above recited, the sole evidence which she contends in this court justified a last clear chance instruction. She propounded to a civil engineer the following question: "[A]ssuming that a tanker-trailer truck is traveling along the highway at the rate of 23 miles per hour, that a 1954 Plymouth automobile passes the truck at 32 miles per hour; that both car and truck maintain these same speeds, and approximately 30 seconds later the car stops. Now, how far behind the stopped car would the tanker-trailer truck be when the 1954 Plymouth stopped? Could you calculate that for us on the blackboard please?" He answered: "396.90 feet." Her contention is that, as this testimony stands undisputed, it establishes proof that the driver had 396.90 feet within which to stop, or, putting it in a period of time, that he had 30 seconds within which to stop and that this clearly presented a situation for a jury finding under the last clear chance doctrine as to whether he could have avoided the accident by stopping before the impact.

It is to be noted first that the facts given to the witness fixed the distance between the vehicles from the time the Plymouth passed the truck to the time the Plymouth *stopped*. But the time interval estimated by the truck driver was from the time the Plymouth passed the truck to the time *of the impact*. These two periods of time are, under appellant's own contentions, materially different. Thirty seconds from the passing to the stopping of the Plymouth would not be 30 seconds from the passing to the impact if, as appellant contends, at the time of the Plymouth's stop the truck was 396.90 feet behind it. But that is not all. The period of 30 seconds elapsed time was an approximation. It is based entirely upon the truck driver's estimate. Reading his testimony the elapsed time between the passing and the impact was

approximately 30 seconds or less. He refused to pinpoint the time. How many seconds less than 30 seconds remains in doubt. "Thirty seconds or less. It's pretty hard to estimate time under those conditions." Still further facts are in doubt. The time consumed in the passing of the truck by the Plymouth was not an instantaneous item. Some period of time elapsed in the act of passing. Nor was the stopping point of the Plymouth an instantaneous matter. Plaintiff testifies that she *came to a slow stop*. How much time was consumed in coming to such slow stop is again indefinite and a matter of conjecture. Further, the engineer's computation was based on the assumption that during the elapsed time estimated by the truck driver the respective speeds of the car (32 miles per hour) and the truck (23 miles per hour) remained constant. Application of brakes on the Plymouth and application of brakes on the truck would indicate that the speed of neither was constant. Indeed, plaintiff's own testimony would indicate that her speed was not constant. Add to this the fact that, while the speed of the truck may be considered to be accurately estimated under the testimony, the speed of the car was an estimate or an approximation.

The elapsed time between the passing *and the impact* was not the basis of the question put to the engineer. The starting and stopping points were both elastic. Time and speed were approximations. Actual testimony of the space between the truck and the Plymouth was entirely lacking. There was considerable doubt as to the point at which the Plymouth stopped. Even eliminating from consideration the truck driver's version of the accident (that the Plymouth turned in front of him into his lane at a distance of 10 feet ahead of him and then came to an abrupt stop) and eliminating from consideration the question as to whether the plaintiff could not have extricated herself from her danger simply by pulling ahead (she was on a main highway, with nothing to hinder her forward progress) during the period of time it took for the truck to travel 396.90 feet as contended by her, there was no reasonable or plausible basis

for the submission of a last clear chance instruction to the jury. "[T]here must be *substantial evidence* [emphasis supplied] to show that the defendant had a *last clear chance* to avoid the accident." Rodabaugh v. Tekus, 39 Cal.2d 290, 246 P.2d 663, 665. And in Bonebrake v. McCormick, 35 Cal.2d 16, 215 P.2d 728, where the principal question presented was whether the trial court erred in refusing a requested instruction on the doctrine of last clear chance, the court said: "This depends on whether there was evidence which would reasonably support a recovery on that theory." Under the evidence as above recited, we are satisfied that the court was not in error in refusing the requested instruction.

Appellant also assigns error in the court's refusal to give two additional instructions and in its giving one instruction over her objection. These assignments are not supported by argument or citation of authority. We are not persuaded that there was error in these rulings.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.