[Civ. No. 24386.  Second Dist., Div. Three.  Nov. 14, 1960.]

AUSTIN J. McALLISTER, Respondent, v. BEN ALVIN KYLES, Appellant.

Jorz & Sawtelle and Kenneth H. Clausen for Appellant.

Nathan Goller for Respondent.

SHINN, P. J.—By verdict and judgment plaintiff recovered damages for injuries suffered when he was struck by defendant's car as he was crossing the street at an intersection. Upon defendant's appeal the sole contention is that it was error to instruct in the doctrine of last clear chance. We are of the opinion that it was a proper case for application of the doctrine.

There was evidence of the following facts: Pico Boulevard

is 56 feet wide; it extends easterly and westerly across Albany Street, which is 40 feet wide. Traffic at the intersection is controlled by signal lights. Plaintiff, who is without sight in his left eye, was walking easterly on the south sidewalk of Pico; when he reached Albany the light showed red for east-west traffic; he glanced to his left for traffic that might be turning the corner but did not look across Pico toward the north; he started across Albany, walking slowly, until he was struck by defendant's car at a point 6 feet south of the curb line of Pico and 15 feet east of the curb line of Albany. He did not see defendant's car before it struck him. Defendant approached Pico from the north, was halted by a red light, stopped alongside and somewhat to the rear of another car and proceeded across Pico when the signal changed and the other car turned the corner. He proceeded in low gear at about 10 miles an hour looking straight ahead; he did not see plaintiff until he was within about 10 feet of him; he applied his brakes and swerved to the left, but struck plaintiff with the right front of his car.

Defendant argues that plaintiff was not in a position of danger until he stepped into the path of the car; in the exercise of ordinary care he could have stopped and let the car go by and that after he got into the path of the car there was insufficient time in which to stop it. These are unavailing arguments. Plaintiff was as much in danger as a man who is sliding off a roof and unable to stop. His inability to escape was due to his being unaware of the approach of the car. That is what made the danger more imminent with every step he took.

Despite defendant's denial the jury could reasonably have found that defendant did see plaintiff as he walked 15 feet into the street. He was in plain sight. (*Selinsky* v. *Olsen,* 38 Cal.2d 102 [237 P.2d 645]; *Hoy* v. *Tornich,* 199 Cal. 545 [250 P. 565]; *Darling* v. *Pacific Electric Ry. Co.,* 197 Cal. 702 [242 P. 703]; *Gillette* v. *City & County of San Francisco,* 58 Cal. App.2d 434 [136 P.2d 611].) If, as defendant testified, he was driving at about 10 miles per hour he had more than ample time in which to stop. We cannot see that he offered a plausible excuse for the accident. It must have been obvious to defendant that plaintiff was disobeying the law when crossing the street against the signal. If, as the jury presumably found, defendant did see plaintiff in time to stop, it was a reasonable conclusion that he then knew, or should have known, that

plaintiff was proceeding into the path of the car, while ignorant of its approach.

From the facts in evidence and the reasonable inferences the jury could have believed that plaintiff negligently placed himself in a position of danger, and being unaware of the approach of plaintiff's car, was unable to escape from the danger in the exercise of ordinary care; defendant, who had a clear view, and testified that he was looking straight ahead, knew that plaintiff was in a position of danger, and knew, or in the exercise of ordinary care would have known that plaintiff was unable to escape therefrom by the use of ordinary care, and that thereafter defendant had a last clear chance to avoid the accident. These are the elements of the doctrine; they were correctly stated in the instruction. (*Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729 [306 P.2d 432].)

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 4, 1961.