[Civ. No. 25579.   Second Dist., Div. Three.   Apr. 11, 1962.]

PHIL TRITSCH, Plaintiff and Respondent, v. CRESCENT WHARF AND WAREHOUSE COMPANY, Defendant and Appellant.

Robert Sikes for Defendant and Appellant.

Victor E. Kaplan, Mitchell Levy and Magana & Olney for Plaintiff and Respondent.

FORD, J.—The defendant has appealed from a judgment for damages for personal injuries sustained by the plaintiff. The sole question presented is whether it was error to instruct the jury on the doctrine of last clear chance.

There was evidence of the following facts. On the day of

the accident the plaintiff was employed as a marine clerk by a company known as Transmarine. He was working in a warehouse at the docks in Wilmington. Observing one of the defendant's lift drivers backing a small fork-lift vehicle (known as a lift or jitney) into the warehouse, the plaintiff asked him if he was assigned to work at the hatch at which the plaintiff was stationed. Upon receiving an answer that he was, the plaintiff told him to go to a particular place on the premises to pick up cargo and take it to the hatch. There was a great amount of noise during this time. The driver indicated that he did not hear what the plaintiff had said. The plaintiff stepped closer to the vehicle and put his left foot on the left front wheel of the vehicle ''to get close to his ear.'' The plaintiff's right foot remained on the floor and he was then about three feet away from the driver. While the driver was looking directly at him, the plaintiff again told him to pick up the cargo. Thereupon the driver said, ''All right,'' turned his head to the right and, without giving a warning, immediately moved the vehicle backward. When such movement started, both of the plaintiff's hands were on the vehicle and his left foot was still on the wheel. The plaintiff did not have time in which to take his foot and hands off the vehicle and his left foot was caught under the heavy steel plate which was over the wheel. He sustained a severe injury.

Pictures were received in evidence in which the plaintiff had posed for the purpose of showing his position with respect to the vehicle before it was moved backward. From those pictures the inference could reasonably be drawn that a person in the driver's situation could have observed not only the position of the plaintiff's hands but that the plaintiff's left leg was off the ground and that it appeared that his left foot was resting on or against some part of the vehicle in the vicinity of the left front wheel.

No contention is made by the defendant that the instruction given to the jury by the trial court did not contain a correct statement of the doctrine of last clear chance as set forth in *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729 [306 P.2d 432], at page 743. The problem is whether there was substantial support in the evidence for a finding of facts to which the doctrine could be properly applied. It is clear that just before the accident the plaintiff was in a position of danger because of the difficulty of freeing his body from the vehicle in the event the driver were to set

it in motion. It was a reasonable inference that he negligently remained in that position until the vehicle was started, whereupon it was too late for him to extricate himself by the use of ordinary care. Moreover, since it could be found as a fact that the situation of the plaintiff's left extremity could be observed by the driver while he was conversing with the plaintiff, the trier of fact was free to infer that the driver knew that the plaintiff was in such perilous position and that he knew, or in the exercise of ordinary care should have known, that the plaintiff could not escape therefrom if the vehicle were then to be moved without prior warning. (See *Gulley* v. *Warren,* 174 Cal.App.2d 470, 475-478 [345 P.2d 17].) Under such circumstances the driver had the last clear chance to avoid the accident by simply not starting the vehicle until the plaintiff had resumed a position of safety. (See *Simmer* v. *City & County of San Francisco,* 116 Cal. App.2d 724, 726-727 [254 P.2d 185].)[1] Since there was a sufficient foundation in the evidence for the conclusion that all of the elements of the doctrine of last clear chance were present, there was no error in instructing the jury with respect to that doctrine.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.

---

[1]While in the *Simmer* case, unlike the situation in the present case, there was evidence of intoxication on the part of the plaintiff, the reasoning of the court therein is helpful. The court said (116 Cal.App.2d, at page 727): ''Thus, the jury could have believed that the operator saw plaintiff, who he believed was drunk, staggering alongside the bus holding on with both hands, and yet started the bus. In such position plaintiff was in a position of peril and in his drunken condition might not have been able to extricate himself when the bus, to which he was holding, started up. At least the jury could have determined that it was obvious to Eaton that plaintiff was not aware of his danger. Certainly if the operator saw plaintiff in the position Sally placed him when the doors closed (and the operator testified he saw plaintiff when he closed the doors) Eaton had the last clear chance to avoid the accident by simply not starting the bus, and thereby not removing the support upon which plaintiff was leaning. As was the case in *Simon* v. *City & County of San Francisco,* 79 Cal.App.2d 590 [180 P.2d 393], there was evidence that plaintiff's intoxication placed him in a position from which he could not escape, or of which he obviously was not aware, and the operator had the last clear chance to avoid the accident. In our case he needed merely to delay the starting up of the bus. Where there is such evidence a plaintiff is entitled to an instruction on last clear chance. While it is true, plaintiff himself could have avoided the accident by merely removing his hands from the bus and staggering in the opposite direction, it was for the jury to determine whether the operator, knowing his condition, could reasonably expect him to do so, or could reasonably expect him to realize his peril.''