[Civ. No. 19278.   Second Dist., Div. One.   Mar. 3, 1953.]

MARSHALL ERWIN, Appellant, v. ERNEST CONROY et al., Respondents.

Joseph Schecter for Appellant.

Crawford & Baker and John W. Baker for Respondents.

PATROSSO, J. pro tem.—This is an appeal from a judgment in favor of the defendant entered upon the verdict of the jury in an action wherein plaintiff sought to recover damages for personal injuries.

Inasmuch as no claim is advanced by appellant that the evidence is insufficient to support the judgment, and as the principal contention of the appellant is that the court erred in refusing to instruct the jury upon the doctrine of the last clear chance, contrary to the usual practice upon appeal we shall, as required under the circumstances, set forth the evidence in the light most favorable to the plaintiff and appellant (*Bonebrake* v. *McCormick*, 35 Cal.2d 16, 19 [215 P.2d 728]; *Brown* v. *McCuan*, 56 Cal.App.2d 35, 36 [132 P.2d 838]).

The accident in question occurred at 10 o'clock p.m. at the intersection of Rosecrans Avenue and Paulsen Street, in the city of Compton. These thoroughfares intersect at right angles; the former is 76 feet wide and runs east and west, while the latter is 29 feet in width and runs in a northerly and southerly direction. The appellant was walking from the southwest corner of the intersection in a northerly direction across Rosecrans Avenue, and respondent was driving his automobile in a westerly direction on Rosecrans Avenue. The weather was clear and dry but the intersection is poorly illuminated, the only light in the vicinity being that in a malt shop about 150 feet or more east of the intersection. As appellant, who was dressed in dark clothing, stood on the curb preparatory to crossing Rosecrans Avenue, he looked to the west and saw the headlights of an automobile approaching about two blocks away. He then looked to the east and saw the lights of the respondent's automobile which was then

approximately 150 feet distant. He thereupon stepped down off the curb and proceeded across the street, looking alternately to the east and west. When he reached the center line of Rosecrans Avenue he stopped and looked to the west "to see if the car approaching from the left would pass behind" him. While standing in this position he heard a screech of brakes and looking to the right he "saw the defendant's automobile veering down on top of me" just an instant before the impact. The testimony is conflicting as to the manner in which appellant walked and as to whether he was within the unmarked crosswalk, as well as to whether or not he was intoxicated.

Respondent was driving close to the center line of Rosecrans Avenue and did not see the appellant until the front of his car was almost to the west side of the intersection, when appellant was from 10 to 20 feet away from him, and at which time respondent was traveling between 25 and 30 miles per hour. Appellant was struck by the left front fender of the automobile, and a highway patrol officer who happened upon the scene immediately after the accident testified that the respondent's automobile was stopped almost at the body of the appellant. There were 4-wheel skid marks running from the front tires of the respondent's automobile back through the rear tires and extending into the intersection. These skid marks ran parallel to and the southerly of these was approximately 3 feet northerly of the center line on Rosecrans Avenue and were 71 feet in length commencing about 2 feet west of the extension of the east curb of Paulsen Street.

Appellant requested a rather long and argumentative instruction embodying the language of section 562 of the Vehicle Code, which the trial court modified by giving only that portion thereof which was in the language of subdivision (a) of section 562. Appellant contends that the court erred in stating the provisions of subdivision (a) without also stating those of subdivision (b). The section in its entirety reads as follows:

"(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"(b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway."

■ While it may be error to instruct the jury in the language of subdivision (a) of the section without also reading subdivision (b) (*Cole* v. *Ridings,* 95 Cal.App.2d 136, 140 [212 P.2d 597]), the failure to do so in the instant case was not prejudicial because in another instruction immediately following, the jury were told: "The fact that one has the right of way, if such be the fact, does not excuse him from the exercise of ordinary care to avoid causing an accident." This instruction while not in the identical language of subdivision (b) states the same principle. In addition, the jury were also instructed in the language of BAJI 201 as follows: "The law imposes upon the operator of any vehicle using a public highway, and upon a pedestrian, the same duty, each to exercise ordinary care to avoid causing an accident from which injury might result. This duty continues even when one has the right of way over the other." Thus, it is evident that the jury was fully and correctly instructed upon the relative rights and duties of the parties as set forth in the section of the Vehicle Code referred to.

The appellant requested and the trial court refused to give an instruction upon the doctrine of the last clear chance. Admittedly the requested instruction was a correct statement of the doctrine but it was refused by the court because it did not deem that the giving of the same was warranted by the evidence. The requested instruction set forth the six elements necessary to invoke the doctrine, and these are so well known to the profession as not to require restatement here. (*Girdner* v. *Union Oil Co.,* 216 Cal. 197, 202 [13 P.2d 915]; *Selinsky* v. *Olsen,* 38 Cal.2d 102, 104 [237 P.2d 645].) For present purposes we may assume that the first four prerequisites to the application of the doctrine were present and confine ourselves to the remaining two, namely, under the evidence would the jury have been justified in finding (a) that after respondent acquired actual knowledge of appellant's perilous situation, he had a clear opportunity to avoid the accident and could have done so by exercising ordinary care and (b) that the defendant did not avail himself of that opportunity, but by negligent conduct proximately caused the accident.

The only direct testimony as to when respondent first saw the appellant is that of the respondent, namely, when he was within 10 to 20 feet from where appellant was standing, and at which time respondent was traveling at a rate of speed estimated to be between 25 and 30 miles per hour.

At this rate of speed respondent was traveling between 37 and 45 feet per second and it appears fairly obvious that in this situation respondent did not have a clear opportunity to avoid the accident. However, appellant asserts that despite this, there were facts and circumstances which would have justified the jury in finding that the respondent was actually aware of plaintiff's danger in time to avert the accident. The argument is that inasmuch as the skid marks left by the respondent automobile were 71 feet in length, beginning approximately 2 feet west of the extension of the east curb of Paulsen Street, and allowing a "reaction time of three quarters of a second," it may be assumed that respondent traveled 33 feet from the instant he first saw the appellant until he started skidding, and therefore respondent obviously saw appellant before he entered the intersection. Respondent replies that this argument overlooks the fact that the undisputed testimony is that the skid marks were 4-wheel locked skid marks, overlapping one another, as a result of which the car skidded not 71 feet but this distance less the length of the car, some 16 or 17 feet. Moreover, it is uncontradicted that respondent's car continued skidding forward after striking the appellant, but just how far does not appear.

We need not follow this interesting discussion for it fails of its purpose of establishing that respondent saw the appellant in sufficient time to have enabled him, by the exercise of ordinary care, to have avoided striking him. Without extending this opinion further, we quote the following language from *Jobe* v. *Harold Live Stock Com. Co.,* 113 Cal.App.2d 269 [247 P.2d 951], where, in replying to a similar argument to that advanced by the appellant here, Division 3 of this court, speaking through Mr. Presiding Justice Shinn, said (p. 272):

"Other opinions of the witness were offered in an attempt to prove how far away defendant was from the point of the accident at the time he first saw plaintiff's car. The theoretical distance was computed by taking the length of the skid marks, estimating the speed of the car, and adding the distance a car would travel in three-quarters of a second at the speed indicated by the skid marks. The sum would be the theoretical distance between defendant's car, when he realized he should stop, and the point of the accident. The witness testified that three-quarters of a second is the 'reaction time,'

or the average time, it takes all ages and classes of drivers to apply their brakes after realizing they should do so. He did not explain the basis of this assumption of fact, nor whether it was based upon tests of drivers who knew or those who did not know they were under observation for the purpose of testing their reflex actions. He did testify, however, that he could not express any opinion as to the defendant's 'reaction time,' without making tests. This was sufficient to have excluded the opinions of the witness which assumed a theoretical time within which defendant would have applied his brakes.''

And continuing at page 274:

''Plaintiff says that under the formula of his expert witness for computing the distance traveled by defendant's car after he realized he should stop, 'the jury could have formed the conclusion that defendant Stiefel was a greater distance away from plaintiff's vehicle than he testified,' that he saw plaintiff's car enter the intersection, and therefore, 'had a greater opportunity to avoid the accident and could have done so by exercising ordinary care.' The argument merely points out that plaintiff's car could have been seen as it entered the intersection, which does not supply proof of actual knowledge of its presence. Moreover, the theory itself was nebulous, and even according to the witness was inapplicable to defendant, since it assumed the unknown factor of the speed of defendant's reflex actions. But in any event, the argument is unavailing. It only supposes an interval of time within which defendant would have traveled a theoretical distance before he normally would have applied his brakes, and is entirely consistent with the view that he applied them as quickly as he could within his supposed capabilities. Plaintiff has no other theory to support his argument that there was evidence from which the jury could have found that defendant had a last clear chance to avoid the accident. We are unable to discover any such evidence. In view of the fact that defendant did realize his danger and made a determined effort to stop, it would be wholly illogical and unreasonable for the jury to have found upon the circumstantial evidence that there was a considerable interval of time during which defendant realized the danger and made no effort to avoid the accident. *Mere doubt as to the credibility of defendant or the accuracy of his estimate of distance would not amount to affirmative evidence of any material fact.* An instruction on

the doctrine of last clear chance would have been an invitation to the jury to speculate as to the existence of an essential fact of which there was no direct or circumstantial evidence." (Emphasis added.)

The facts in the instant case are far more favorable to the respondent than those in the case last cited. There, the accident occurred on a clear day at 11 o'clock in the morning where the roadway was level and dry. ■ Here, the accident occurred during the nighttime at an unlighted street intersection and while appellant, wearing dark clothing, was engaged in walking across an arterial highway in front of an automobile which he had observed approaching him at a distance of some 150 feet prior to the time of starting to cross the roadway. There is a total absence of any evidence from which it can reasonably be inferred that defendant saw appellant in time to avoid the accident; much less that he had a clear opportunity of doing so. As was said in *Bagwill* v. *Pacific Elec. R. Co.*, 90 Cal.App. 114, 121 [265 P. 517], quoted with approval in *Rodabaugh* v. *Tekus*, 39 Cal.2d 290, 297 [246 P.2d 663] : "Certainly the doctrine of last clear chance never meant a splitting of seconds when emergencies arise . . . We are not to tear down the facts of a case and rebuild the same so that, by a trimming down and tight-fitting operation, something can be construed upon which may be fastened the claim of last clear chance. The words mean exactly as they indicate, namely, last *clear* chance, not possible chance."

From the evidence viewed in the light most favorable to the appellant, it would appear almost to the point of demonstration that if either party had the last clear chance to avoid the accident it was the appellant rather than the respondent. Being aware, as he testified, of the approach of respondent's automobile at all times while in the act of crossing the street, appellant had the clear opportunity of avoiding the accident by merely refraining from crossing into the northerly half of Rosecrans Avenue until respondent's automobile had passed in front of him. Indeed, if he had remained on the center line of Rosecrans Avenue where he testified he was immediately preceding the collision when he heard the screech of brakes, the accident would have been avoided, for the evidence as to the position of the skid marks discloses that no harm would have come to him in that position. Unless we indulge in sheer fantasy it is difficult to escape the conclusion that appellant stepped directly into the path of a moving vehicle, the presence of which in his immediate vicinity was

known to him from the very moment he started to cross the roadway. The trial court therefore did not err in refusing to instruct upon the doctrine of the last clear chance.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.