[Civ. No. 16102.   First Dist., Div. One.   Nov. 17, 1954.]

GASTON YOUNG, Appellant, v. JOHN W. CARLSON, Respondent.

Robert E. Lanctot and Shearer & Thomas for Appellant.

Dana, Bledsoe & Smith and Joseph W. Rogers, Jr., for Respondent.

PETERS, P. J.—Plaintiff, Gaston Young, was injured when he was struck by an automobile operated by defendant, John W. Carlson. In this action for damages the plaintiff proffered properly drafted instructions on last clear chance. The trial court refused to give such instructions. The jury brought in a verdict for the defendant. Plaintiff appeals from the judgment entered on that verdict. His sole contention is that the instructions on last clear chance should have been given, and that it was prejudicial error to refuse to give them.

It is, of course, "the duty of the court to instruct on every theory of the case finding support in the evidence." (*Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614, 623 [255 P.2d 785] ; see also *Simmer* v. *City & County of San Francisco,* 116 Cal.App.2d 724 [254 P.2d 185] ; *Doran* v. *City & County of San Francisco,** (Cal.App.) [274 P.2d 464].) Therefore, the basic question is whether, interpreting the evidence most strongly in favor of the appellant, there is any reasonable basis for the application of the last clear chance doctrine. (*Bolton* v. *Martin,* 126 Cal.App.2d 178 [271 P.2d 991].)

The facts are not substantially in dispute. Appellant was employed in San Francisco on a night shift, his work ending at about 2 :15 a. m. Upon quitting work on the morning of September 30, 1952, he asked his fellow worker, Robert Madar, to give him a lift in Madar's automobile to the streetcar line on Market Street. Madar agreed. It was the intent of both parties that appellant would catch the streetcar at Market and Van Ness, but when they arrived at that intersection the streetcar had just passed. Madar thereupon followed the streetcar out Market, intending to allow appellant to alight and catch the car at the eastern entrance to the Twin Peaks

---

*A hearing was granted by the Supreme Court on December 3, 1954.

Tunnel, which is just beyond the intersection of Castro, 17th, and Market Streets. In this area Market is a somewhat confusing thoroughfare. Not only do Castro and 17th Streets intersect Market, but Market itself becomes a divided highway, the tunnel serving as a dividing barrier between the two one-way roads. Moreover, Market, between Van Ness and the tunnel, is relatively level and is substantially straight, but at the tunnel the one-way road for westerly traffic curves to the right and runs uphill.

As Madar drove out Market in pursuit of the streetcar, traffic was very light. At the tunnel intersection he turned to the right and stopped in the traveled area of the street with the left side of his automobile near the left-hand curb, that is, near the tunnel wall curb, it being his intention to allow appellant to alight so as to catch the streetcar, which was approaching, before it entered the tunnel. Appellant was unaware of the fact that Madar had stopped in the line of traffic, but he was aware of the approach of the streetcar. When Madar stopped, without delay appellant alighted from the automobile, closed the door, and was hit by respondent's automobile. Appellant testified that he did not see respondent's car, or its lights, which were on, before the accident. He did recall looking backwards when Madar stopped, it being his testimony that he saw no one approaching out Market Street. He also testified that he looked backwards a second time while opening the automobile door, but saw nothing. Appellant stated that, because of the curve in Market, one in his position could not see traffic approaching in the traffic lane in which Madar's car was stopped.

Respondent's employment also required him to work until about 2 o'clock in the morning. He drove the automobile he was driving into Market at 16th and proceeded out Market towards the tunnel. When about 100 feet from the Castro-Market intersection, he noted the traffic signal turned green for westerly traffic. Just as he reached that intersection, he testified, he was traveling in the lane adjacent to the parking lane when a yellow car overtook and passed him on his right and cut in on him so that he had to swerve slightly to his left to avoid hitting it. Neither Madar nor appellant saw this yellow car. Respondent testified that he did not see Madar's car stopped in the traffic lane before the accident, although his headlights were lit, his vision was normal, he was looking straight ahead and his windshield was clean. Madar testified that his lights, including his rear lights, were

lit. Respondent's car, as it turned to go up the hill, was traveling about 25 miles per hour. It hit Madar's car a glancing blow, and then ran into appellant who had just alighted. Appellant was knocked in front of the parked vehicle. Madar admitted that, although he looked into his rear-view mirror as he stopped his car, he saw no approaching vehicle.

On this evidence appellant claims that he was entitled to instructions on the last clear chance doctrine. Respondent denies this claim on its merits, and also contends that the proffered instructions were properly refused because they were submitted too late and in violation of law. Section 607a of the Code of Civil Procedure requires counsel to submit to the judge proposed instructions on issues disclosed by the pleadings before the first witness is sworn, and on other issues before the commencement of argument. The section also provides that instructions tendered later than these periods "may be disregarded; but, in that event, the judge shall write upon the margin of such proposed instruction the fact that he refused to consider the same for the reason that the requirements of this section have been disregarded." In the instant case the trial judge wrote on one of appellant's proffered instructions on last clear chance, the following: "Plaintiff's Last Clear Chance left with the Clerk Wed. Eve." It is conceded that this was the last day of the trial and after both sides had rested.

The parties argue at some length as to whether the issue of last clear chance was presented by the pleadings or was not disclosed until the trial. Of course, if last clear chance was not an issue disclosed by the pleadings, then the instructions were not tendered late because they were delivered prior to argument. However, even if the issue was presented by the pleadings it is discretionary with the trial judge to refuse to accept, or to accept, instructions tendered late. ■ But, before a judge properly can refuse an instruction on the ground that it was tendered late, he must comply, substantially, with section 607a of the Code of Civil Procedure above quoted. ■ In the instant case there is nothing in the record to indicate that the trial judge refused the instructions because they were tardy. Certainly the statement on one of the instructions that it was not filed until Wednesday evening does not substantially comply with the requirements of the section. If a trial judge desires to avail himself of the permissive provisions of the section he must comply,

substantially, with the requirements of the section. Unless he does so, it will be presumed that the instructions were refused on the merits.

This brings us to the main question presented: Under any reasonable interpretation of the evidence, was the issue of last clear chance involved? If it be assumed that there was some evidence of negligence on the part of respondent, it being apparent that appellant was guilty of contributory negligence, the real question is, does the evidence indicate any reasonable support for the conclusion that respondent had the last clear chance to avoid the accident? (See *Girdner* v. *Union Oil Co.*, 216 Cal. 197 [13 P.2d 915], for a list of the elements of the doctrine; see also *Jobe* v. *Harold Livestock Com. Co.*, 113 Cal.App.2d 269 [247 P.2d 951]; *Dalley* v. *Williams*, 73 Cal.App.2d 427 [166 P.2d 595].) Basically, this turns upon the question as to whether it will be presumed, in spite of respondent's denial, that he did see the appellant in time to have avoided the accident. There are numerous cases holding under the facts of those cases that it could be presumed that the defendant in each case actually saw plaintiff's position of danger in time to have avoided the accident, in spite of the defendant's testimony that he did not see the plaintiff. (*Selinsky* v. *Olsen*, 38 Cal.2d 102 [237 P.2d 645]; *Hoy* v. *Tornich*, 199 Cal. 545 [250 P. 565]; *Gillette* v. *City of San Francisco*, 58 Cal.App.2d 434 [136 P.2d 611]; *Paolini* v. *City & County of San Francisco*, 72 Cal.App.2d 579 [164 P.2d 916]; see cases collected 2 Cal.Jur. (10-Yr. Supp.) p. 188, § 128.) But it must be remembered that the basic rule is that plaintiff's perilous position must be actually discovered by the defendant, that is, the direct or circumstantial evidence must show actual knowledge. It is true that actual knowledge may sometimes be inferred, as the cases last cited indicate, but such inference can only be indulged in where from the evidence such inference is clear and positive. The inference may not be based on conjecture or speculation. In *Jobe* v. *Harold Livestock Com. Co.*, 113 Cal.App.2d 269 [247 P.2d 951], the circumstantial evidence in support of the inference was much stronger than it is in the instant case. Nevertheless, the court held it insufficient as a support for last clear chance instructions. In rejecting the inference the court stated (p. 273):

"We have narrowed our case down to the third question involved, namely, was there substantial evidence that defendant was far enough away from the point of the accident to have

been able to avoid the collision after discovering that he should stop or turn aside, or, in other words, by reason of such distance did he have a last clear chance to avoid it in the exercise of ordinary care. We have to look to the evidence, direct and circumstantial, as to the location of plaintiff's car when defendant first saw it. The only direct evidence was that of defendant. The only circumstantial evidence was that defendant could have seen plaintiff's car when it entered the intersection. This was not sufficient. It was necessary that there be substantial evidence that defendant actually saw the car. All the elements which go to make up the last clear chance doctrine must be affirmatively proved. [Citing a case.] There are situations in which actual knowledge will be inferred because it is the only reasonable inference to be drawn from the evidence, and in such situations it is held that the person charged had actual knowledge because he must have seen the other vehicle, or the pedestrian, as the case may be. *Selinsky* v. *Olsen*, 38 Cal.2d 102 [237 P.2d 645], . . . was such a case.'' After pointing out that the ''must have seen'' rule can only be applied where the circumstantial evidence proves ''not merely that the accused driver could have seen the other vehicle but that he could not have failed to see it,'' the court analyzed the evidence, and then stated (p. 275) : ''An instruction on the doctrine of last clear chance would have been an invitation to the jury to speculate as to the existence of an essential fact of which there was no direct or circumstantial evidence.'' The court concluded (p. 276) : ''If the last clear chance rule has application to the present case it would apply in every intersection collision case where it could be said that either party, in the exercise of ordinary care, could have anticipated the accident in time to avoid it. The defense of contributory negligence would be done away with in such cases. Upon this point we refer to the opinion in *Rodabaugh* v. *Tekus, supra,* 39 Cal.2d 290 [246 P.2d 663], and the cases there cited. There was no error in refusing to give the last clear chance instruction.'' (See also *Gilbert* v. *Yellow Cab Co.,* 123 Cal.App.2d 782 [267 P.2d 392] ; *Schouten* v. *Crawford,* 118 Cal.App.2d 59 [257 P.2d 88] ; *Hazelett* v. *Miller,* 115 Cal.App.2d 801 [252 P.2d 997] ; *Erwin* v. *Conroy,* 116 Cal.App.2d 466 [253 P.2d 752] ; *Dalley* v. *Williams,* 73 Cal. App.2d 427 [166 P.2d 595].)

The language of the Jobe case is directly applicable to the evidence in the instant case. ■ The direct evidence is that

respondent did not see appellant, or the car from which he was alighting, prior to the accident. Madar and appellant, although they testified that they looked to the rear, admitted that they did not see respondent's car approaching, although its headlights were on. There were no skid marks, as there were in the Jobe case, to indicate that the respondent saw the other vehicle and tried to avoid the accident. There is not one word of testimony to indicate an awareness on the part of respondent of the presence of appellant's car. Under the facts, if we were to assume that respondent did see appellant or the car from which he was alighting in time to have had a clear chance to avoid hitting them, we would then have to assume that respondent, after becoming aware of the danger, did absolutely nothing to avoid running into the car and appellant, in fact, deliberately ran into them. Such assumption would be based on the wildest sort of speculation. It must be remembered that respondent had no reason to expect the presence of a parked car in the left lane of the one-way road, right in the traffic area. Moreover, except for the statement that visibility was good, there is no evidence of the lighting conditions at the point of impact, or of the color of appellant's clothes, or of Madar's car, or any other details that might assist a jury in determining whether respondent "must have seen" appellant. The evidence is uncontradicted that Market Street curves in the area of the accident and proceeds uphill. Even if it be assumed that respondent "must have seen" appellant, there is no evidence at all as to whether he "must have seen" appellant in time to have been able to have avoided the accident.

Appellant maintains that the factual basis for the "must have seen" inference is to be found in the evidence that visibility was good, that the tail light of Madar's car was lit, that respondent's lights were lit and that respondent was looking ahead. Particular reliance is placed on respondent's testimony that just before the accident a yellow car passed him and then cut in front of him. It is argued that if the yellow car missed appellant, so could respondent. While this evidence might support an inference that respondent could have seen appellant, it certainly does not support the inference that respondent should have seen appellant, far less the inference that he "must have seen" him.

No doubt the doctrine of last clear chance has been greatly expanded, and properly so, in recent years. However, there is still some vitality left in the doctrine of contributory negli-

gence proximately contributing to the injury. The doctrine of last clear chance cannot operate in the absence of evidence that defendant "must have seen" the other vehicle in time to have avoided the accident. Evidence that defendant could have seen the vehicle is not sufficient. That is this case. Thus, the instructions were properly refused.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.